Jink SMITH (Plaintiff), Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation (Defendant), Appellant.

No. 44194.

Supreme Court of Missouri.

Division No. 2.

April 11, 1955.

Lloyd E. Boas, Harry L. Bell, St. Louis, for appellant.

J. Ben Searcy, Eminence, Charles E. Gray, St. Louis, for respondent.

BROADDUS, Special Judge.

This is a suit for damages for personal injuries allegedly sustained by plaintiff, Jink Smith. The case was tried to a jury resulting in a verdict and judgment in favor of defendant. Plaintiff's motion for a new trial was sustained by the trial court and defendant appealed.

Plaintiff was a resident of Eminence, Missouri. At about seven o'clock on the morning of September 29, 1952, he was a passenger in the rear seat of a Packard automobile which was being operated northwardly on Union Boulevard in the City of St. Louis by his friend, Roy Ferguson. There were two other passengers in the automobile, Mr. Huffman and Mr. Dethrage, and the whole group was on the way to see about obtaining work as carpenters. When the automobile was crossing Page Boulevard it was involved in a collision with the defendant's westbound Page bus and plaintiff claimed to have suffered injuries as a result of that collision. Immediately following the collision plaintiff and the other occupants of the automobile drove on to their destination and plaintiff obtained employment as a carpenter and worked at that job from the day following the collision until sometime in December when the job was completed.

The evidence disclosed that the movement of vehicles at the intersection of Page and Union Boulevards was regulated by an electric traffic signal which was functioning at the time of the collision.

Plaintiff submitted his case to the jury solely upon the theory that defendant's bus driver negligently entered the intersection when the signal for westbound traffic on Page Boulevard was red. The defendant's submitted theory was that the automobile in which plaintiff was riding was driven into the intersection when the traffic signal for northbound traffic on Union Boulevard was red.

Defendant produced substantial evidence to support its position. One of its witnesses was Robert Raithel, research supervisor for the Emerson Electric Company. He testified that just prior to the collision he was driving north on Union Boulevard. He came to the intersection of Union and Page Boulevards and stopped his car "in accordance with the red light." Immediately to his left was the car in which plaintiff was riding. He saw the bus moving west on Page and "the signal was green in its favor." Then the car occupied by plaintiff started forward. The light "was red at the time the automobile entered the

intersection and it was red at the time the accident between the bus and the automobile took place." Mr. Raithel did not get out of his car but drove on to his place of employment. That evening he called the Public Service Company and "reported that I had been a witness to the accident."

Around 3:00 or 3:30 p. m. on the second afternoon of the trial the defendant ran out of witnesses and its counsel announced to the court, out of the hearing of the jury, that he would like to have a recess until the next morning so that he might use the witnesses that he expected to be available at that time. Thereafter, and in the presence of the jury, the court asked defendant's counsel if he had not announced ready on the preceding morning, and counsel replied in the affirmative. The court then stated: "Now, here you announce to the court at this moment that you haven't got any more testimony and you want the court to adjourn until tomorrow morning. Well, that's unreasonable, Mr. Bell." Defendant's counsel then stated that if the court wanted him to close without attempting to get in the other witnesses he would do so. The court then stated that it was not fair for the defendant's office to say that they could not get witnesses in and to ask the court to adjourn until the next day, and then the court asked the attorney for plaintiff if he had anything to offer. Plaintiff's counsel stated that the matter was not the fault of the defendant's trial counsel. Defendant's counsel advised the court that he had contacted the office and that the young lady who arranges for the witnesses had advised him that there were one or two witnesses who might be able to appear the next morning, but that they could not get to court before that time, and if the court wanted to proceed, "that is fine."

Mr. Gray, plaintiff's counsel, then stated that he did not feel that it was Mr. Bell's fault, but that he thought the blame should be placed on Mr. Bell's office. The court then stated that the office is not running these lawsuits. Plaintiff's counsel then stated that he would abide by the court's ruling, but that he thought that the defendant should be given an opportunity to introduce whatever they had and the trial court then made the following statement: "Well, you think the court ought to adjourn now and lose this hour and a half just because his office hasn't got his witnesses here? Now, this court doesn't like that kind of procedure. Why do you announce ready then, gentlemen, if you are not going to be ready? You are presuming that this court is going to just stop and start when you ask it to. That assumption is too violent. These gentlemen are here and they are ready to do their duty. The court is here, we are all here except two of your witnesses. That is unfair to everybody in connection with this lawsuit."

Defendant's counsel then stated that he would rest if the court wanted him to and then, in the presence of the jury, the court stated, "I don't want to wait over another day, don't want to wait hours to get it done. The court will defer to Mr. Gray's request. You are requesting now that the court recess until tomorrow morning. Is that your suggestion?" In response to the court's question plaintiff's counsel stated, "Yes, I would prefer that the defendant be given an opportunity to bring in his evidence." The court then stated, "Let the record show that upon the suggestion of the attorney for the plaintiff that he prefers that the court recess until tomorrow morning to give the defendant an opportunity, another opportunity, to present his case and finish it. The court wants to add to that, that the court is very much displeased about the way the court has been treated in this case. We waited for you at noon. We waited for you awhile yesterday morning, you announced ready, now, at this late hour on this second day of the trial you first inform the court that you haven't got your witnesses here, your office is not prepared to supply your witnesses." Defendant's counsel then assured the court that he took full responsibility and the court then said, "I am going to recess the court until tomorrow morning at ten o'clock, not on your request, but upon the request of Mr. Gray who asked the court to do it and I want you to be ready to complete your case."

The court then turned and addressed the jury as follows: "Gentlemen, unfortunately, we have run into this kind of a situation. The court feels like it has not been treated fairly and you are a part of this court, you are included in the manner of treatment, but you have heard the request of counsel, the court doesn't want to just arbitrarily cast anybody out of court. They are both young lawyers, you can see that, the court takes that into consideration. Young lawyers, like anybody else starting out, need some consideration. First, I want to remind you of the admonition I gave you yesterday about anybody talking to you, then you may be excused until tomorrow morning at ten o'clock."

Thereafter, defendant's counsel moved for a mistrial (out of the hearing of the jury) and that request was denied with the court saying, "Let the Appellate Court say what ought to be done under these circumstances."

The next morning defendant's counsel renewed his request for a mistrial based upon the claimed prejudicial remarks of the court. The court then asked plaintiff's counsel if he had anything to say and plaintiff's counsel made the following statement: "I think the record clearly shows the incident that took place and on behalf of the plaintiff I would like to state that yesterday at noon counsel for defendant was approximately twenty minutes late, requiring the parties to wait, and may the record further show that plaintiff rested his case, even though he did not have a witness that was not available at the time and that in following the normal court procedure of a witness not being available, plaintiff was requested to close his case. May the record further show that there was no evidence introduced in this case or record made indicating that the witnesses that the defendant alleged he was going to produce on this date had been under subpoena or were in any wise notified to appear in court and that the court was required to adjourn at approximately 3:30."

Defendant's counsel then stated that several of the people that he expected to be present were under subpoena and renewed his objection to the remarks of the court which he felt were prejudicial to the defendant. Plaintiff's counsel then stated, "May the record further show that plaintiff feels that defendant has in no wise been prejudiced by any comment made by the court during the trial. I have no objection to the court offering an instruction telling the jury that they were not to take into consideration any comments of the court in deciding this issue. I see that the court has offered such an instruction."

Pursuant to the suggestion of plaintiff's counsel the court gave Instruction No. 1, which reads as follows:

"The Court instructs the jury that any remarks made to counsel touching the manner of the trial of this case were not made with the slightest intention or desire to influence or prejudice you in any way against the defendant in your deliberations of this case. Therefore, you are instructed to wholly and completely disregard all of said remarks by the Court, and confine your deliberations strictly to the issues submitted to you by the evidence and the written instructions given herein."

After the verdict in favor of the defendant plaintiff filed a motion for a new trial containing five grounds. The first being that the verdict was against the weight of the evidence. The second, that it was the result of bias and prejudice against the plaintiff. The third, that the jury failed to follow the evidence "and reached their decision solely upon wholly extraneous and immaterial occurrences that took place during the trial." The fourth, that the verdict was brought about by the prejudicial statement of defendant's counsel that he attempted to but was unable to produce two witnesses. The fifth, and the one upon which the trial court based its order, is as follows:

"The jury unlawfully and erroneously penalized the plaintiff for the proper actions of the Court in reprimanding counsel for the defendant during the course of the trial, which reprimand was brought about

by the improper conduct of counsel for the defendant in failing to be punctual in attendance at the trial and in failing to properly produce witnesses, if the defendant had such witnesses available."

By specifying this ground the court, in effect, overruled the other grounds assigned in the motion. Murphy v. Kroger Grocery & Baking Co., 350 Mo. 1186, 171 S.W.2d 610, 611; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, 137. Thus we have a situation where the trial court did not feel that the verdict was against the weight of the evidence; nor that it was the result of bias and prejudice on the part of the jury; nor that the jury reached its decision solely upon extraneous occurrences taking place during the trial; nor that the verdict was the result of a prejudicial statement of defendant's counsel that he was unable to produce two witnesses. But the order was based upon an assignment that the jury penalized the plaintiff for the *proper actions* of the court in reprimanding counsel for the defendant.

It must be kept in mind that before a trial court is justified in granting a new trial for error committed, that error must be prejudicial to the losing party. The rule was thus stated in the case of State ex rel. Missouri Mut. Ass'n v. Allen, 336 Mo. 352, 78 S.W.2d 862, 865: "It is well settled that nonprejudicial error will not justify reversal of a judgment and that appellate courts will not reverse judgments because thereof. On the same principle and for like reasons we think it obvious that a trial court is not justified in setting aside a verdict and granting a new trial on the ground of error committed in the trial unless such error was prejudicial to the losing party." In the case of Stark v. St. Louis Public Service Co., Mo.App., 211 S.W.2d 500, 505, it was said: "Indeed, no matter what the ground may be upon which it undertakes to act, a trial court is never justified in setting aside a verdict except for error prejudicial to the losing party."

We fail to see how the remarks of the court could have been prejudicial to the plaintiff. Nothing that occurred, and nothing that was said by the court, was unfavorable to the plaintiff. Plaintiff openly requested the court to recess so that the defendant could be given an opportunity to bring in its evidence. The court took particular care to point out to the jury that the recess was being granted because the plaintiff's attorney preferred to give the defendant an opportunity to present the evidence. The court's comments concerning its displeasure about the manner in which the court had been treated, and its further comment that the court and jury had not been treated fairly, were obviously directed to the defendant. That this is true is shown by Instruction No. 1 wherein the jury was told "that any remarks made to counsel * * * were not made with the slightest intention or desire to influence or prejudice you in any way *against the defendant* * * *." And it is equally clear that plaintiff's counsel did not feel that plaintiff had been prejudiced in any manner at the time the occurrence took place. He took no action whatever, except to oppose defendant's motion for a mistrial. In doing so he stated that he felt "that defendant has in no wise been prejudiced by any comment made by the court during the trial." He also voluntarily suggested to the court that he had no objection to the court giving the above cautionary instruction. In other words, plaintiff's counsel was satisfied with the situation as it existed and was perfectly willing to take his chances on a verdict. Under such circumstances plaintiff was not entitled to a new trial.

It follows that the order of the circuit court sustaining plaintiff's motion for a new trial should be reversed and the cause remanded with directions to the circuit court to reinstate the verdict of the jury and render judgment thereon. It is so ordered.

LEEDY, P. J., concurs.