James E. HALL, (Plaintiff) Appellant,

v.

Beulah ANGEL, (Defendant) Respondent.

No. 30965.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1962.

Gerritzen & Gerritzen, Al F. Gerritzen, St. Louis, for appellant.

Carter, Fitzsimmons & Brinker, Bernard C. Brinker, Clayton, for respondent.

WOLFE, Judge.

This is an action in which the plaintiff seeks to recover for property damages and damages by reason of personal injuries arising out of an automobile collision. The defendant counterclaimed for damage to her automobile and for damages by reason of injuries that she sustained. There was a verdict for the defendant on the plaintiff's petition and for the plaintiff on defendant's counterclaim. The plaintiff appealed.

The following appear to be the pertinent facts in relation to the collision out of which this suit arose. The collision occurred in the intersection of Highmont Drive and West Florissant Road in St. Louis County. Highmont Drive is an east and west thoroughfare, and West Florissant Road runs to the north and south. Both are 20 feet wide, and both provide two lanes for traffic, which travels in both directions on each street. There was a stop sign for eastbound traffic on Highmont Drive at its intersection with West Floris-

sant Road, but there was no stop sign on West Florissant.

Plaintiff, on November 18, 1958, at around 9:30 in the morning, was driving eastwardly on Highmont Drive. He was familiar with the intersection and knew that there was no stop sign on West Florissant. He testified that he stopped in compliance with the sign, which was about 5 feet from the curb line of West Florissant. He remained stopped between five and ten seconds. He said that as he made the stop, he looked to his left, which would be to the north, and saw a bus stopped. The bus was southbound and had stopped to take on passengers. Its right wheels were on the shoulder of West Florissant Road, and its left wheels on the pavement. The bus, so stopped, extended 5 feet into the Highmont Drive intersection of West Florissant Road. The plaintiff stated that the left side of the bus was three or four feet from the center line of West Florissant.

The plaintiff testified that while at the stop sign he saw the defendant's car about 200 feet north and proceeding southwardly on West Florissant Road at a speed of about 25 miles per hour. He stated that when he last saw the defendant's automobile from his stopped position, it was possibly 110 to 125 feet from Highmont Drive. He started to cross the intersection. He passed within 10 feet of the front of the bus, and his view northwardly as he entered the intersection was obstructed by the bus. He did not see the defendant's car again until the front of his own car was past the bus, at the center of the intersection. He said that he then saw defendant's car coming around back of the bus about 50 or 46 feet to the north of his car and over the center line of West Florissant. He then sounded his horn and attempted to cross in front of defendant's car.

He stated that the cars collided somewhat east of the center of the intersection. He also testified that the front end of his car was about four feet short of the east side of West Florissant when it was struck in the left side toward the rear. The plaintiff's car was turned around by the impact and facing west as it came to rest. The defendant's car was about 10 feet from it on the east side of West Florissant Road after the collision.

The defendant testified that she was driving southwardly on West Florissant Road toward the intersection of Highmont Drive. There was a bus stopped at the northwest corner of the intersection and an automobile stopped behind it. She stated that she stopped her car momentarily behind the automobile and then turned out to pass it and the bus. There was room in the southbound lane to pass the bus, and without crossing the center lane of West Florissant she drove to the left of the bus. Her view to the right, which was westwardly, was obstructed by the bus as she passed.

She was traveling at a speed of 20 miles per hour and had reached a point even with the front wheels of the bus when the plaintiff's car appeared in front of the bus about a car's length away. She applied her brakes, but her car hit the left side of plaintiff's car. She said that as she applied her brakes her car seemed to pull slightly to the left, but that she was at all times, up to the point of collision, on the right side of West Florissant. She stated that she never heard a horn sounded. A truck driver testified by deposition that he saw the collision, and that at the moment of impact the plaintiff was about the middle of the intersection and the defendant's car was in the line for southbound traffic.

The plaintiff's case was submitted to the jury on several charges of specific negligence. The defendant's counterclaim was submitted to the jury on the charge that the plaintiff negligently drove into the path of her automobile at a time when there was an immediate hazard of collision.

 As we stated at the outset, there was a verdict against the plaintiff on his

cause of action and a verdict against the defendant on her counterclaim. The appealing plaintiff first complains that the court erred in refusing to direct a verdict for the plaintiff on the defendant's counterclaim. His second assignment is that a verdict-directing instruction on the defendant's counterclaim was erroneous. We are thus confronted with a situation where the plaintiff is asserting errors in that portion of the trial in which he prevailed. He could not have been prejudiced by any errors of the court wherein the issues tried resulted in a judgment that was the exact judgment which he sought. The plaintiff has not stated in what manner he could have been prejudiced by the two alleged errors, and non-prejudicial errors do not justify a reversal of the judgment. Patison v. Campbell, Mo.Sup., 337 S.W.2d 72; Smith v. St. Louis Public Service Company, Mo.Sup., 277 S.W.2d 498; Papen v. Friedmeyer, Mo.App., 255 S.W.2d 841; Longmoor Corporation v. Jeffers, Mo.App., 205 S.W.2d 234.

The plaintiff could not have been aggrieved by the first two errors he alleges, for if they were errors they were corrected by the verdict, and we will not further consider them.

█ The third assignment states that the instruction on the charge of plaintiff's contributory negligence was erroneous in that it did not follow the law as stated in cases where the negligence charged is a failure to yield the right of way. We are cited to a number of cases, all dealing with failure to yield the right of way, but neither the plaintiff's case nor the charge that the defendant was guilty of contributory negligence was submitted upon that theory. Contributory negligence was submitted upon the theory that the plaintiff drove his car in front of defendant's car when he saw, or could have seen, from the position and movement of the defendant's car, that there was an immediate hazard of accident if he did so. The instruction is not

a model of clarity, but we do not think that the jury was in any way misdirected by it, and the point, therefore, is not well taken.

█ The fourth and last assignment is that defendant's counsel, during the argument of plaintiff's counsel, made a prejudicial statement in the presence of the jury. The exchange complained of was as follows:

"MR. GERRITZEN: I say, as a lawyer, if Mr. Jim Hall was guilty of the negligence Beulah Angel was I would not file suit for him in this Court; I would not even file a counterclaim for him.

"MR. BRINKER: Now I want to object. Mr. Gerritzen has filed more worthless cases than this, and I object to his referring to what he would do pertaining to Mr. Hall. I want the jury instructed to disregard it.

"MR. GERRITZEN: I object to the prejudicial remark about filing worthless cases. In my opinion this case is a serious matter for Mr. Hall and is not worthless. I would not be here if I thought it was a worthless case."

The court instructed the jury to disregard the remarks of both attorneys, and no further action by the court was asked or taken. Plaintiff, apparently recognizing that he cannot complain upon appeal because of the failure of the trial court to take an action that he had not requested, states that this court should consider the matter under Supreme Court Rule 79.04, V.A.M.R. This rule permits us to consider on appeal matters not properly preserved for review when we feel that manifest injustice has resulted therefrom. We do not so feel, for the only conclusion that can be reached is that the whole matter is obviously so inconsequential, in so far as it could influence the jury, that it is worth no further discussion. The point is without merit.

■ The jury apparently found that both parties to the collision were negligent. There was certainly ample evidence from which they could find that the drivers of both cars negligently proceeded into the intersection without being able to see cars that might be approaching the intersection on the cross street.

We find no merit in the points raised, and the judgment is affirmed.

RUDDY, Acting P. J., and SAM C. BLAIR, Special Judge, concur.

ANDERSON, P. J., not participating.