Nicolasa C. ROQUE and Luis Roque, Appellants,

v.

KAW TRANSPORT COMPANY, Respondent.

No. WD 36201.

Missouri Court of Appeals, Western District.

July 16, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 27, 1985.

Application to Transfer Denied Oct. 16, 1985.

Don B. Roberson, D. Keith Henson, Kansas City, for appellants.

W. James Foland, William E. Quirk, Suzanne Loseke Meyers, Shughart, Thomson & Kilroy, Kansas City, for respondent.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

In this case originating in an automobile-truck collision, a jury denied recovery to the claimant automobile driver and her spouse, Nicolasa and Luis Roque, and gave its liability verdict to the truck owner, Kaw Transport, on its counterclaim, but awarded no damages. The Roques appeal contending they are entitled to a new trial because of evidence improperly received, an error in the form of verdict and instructions given which were not supported by evidence. Affirmed.

The accident occurred the afternoon of August 2, 1982 in the 2900 block of Penn Valley Drive in Kansas City. Mrs. Roque

was driving her automobile northbound in the center lane and the Kaw truck was also northbound in the inside or left lane. The vehicles entered a curve in the road and drifted together when one vehicle left its proper lane and invaded the traffic lane of the other vehicle. The issue in the case was which vehicle failed to maintain its proper course and direction.

In the first point, appellants complain of a video tape received in evidence. The exhibit was a film showing Larry Gunter driving the same transport truck he was driving the day of the accident proceeding through the curve on Penn Valley Drive where the accident happened. The movie was made from a moving vehicle which followed the truck along this segment of street. In the point presented here, appellants claim the exhibit should have been excluded because it was irrelevant in that plaintiffs did not contend the truck was incapable of negotiating the curve without leaving its traffic lane. There is no assertion that the film inaccurately portrayed any details of the scene, save only the contended invasion by the truck of the center traffic lane the day of the accident.

■ The issue in admitting or rejecting photographic evidence is whether the film is practical, instructive and calculated to assist the jury and the court in understanding the case. The trial court's ruling on these subjects must be accorded great weight and will not be disturbed on appeal unless shown to be an abuse of discretion. *Cryts v. Ford Motor Co.*, 571 S.W.2d 683, 691 (Mo.App.1978).

■ The sole claim which appellants make here is that the film depicted a fact not in controversy, the ability of the truck and driver to negotiate the curve within the single traffic lane, and for this reason, the exhibit should have been excluded from evidence as irrelevant. This is not a sufficient ground to warrant a reversal of the discretionary ruling by the trial judge to admit the exhibit. The film obviously was of some benefit to the jury in understanding the case because it depicted the accident locale and showed the traffic flow

around the curve. Admission of the film was well within the wide range of discretion reposed in trial courts. The facts do not demonstrate any abuse of that discretion.

■ Even were it to be conceded for purposes of the point that the demonstrative exhibit was irrelevant and, hence, should have been excluded on objection by appellants, the error does not necessarily entitle appellants to a new trial. It is fundamental that trial error does not require the reviewing court to reverse a judgment unless the error materially affected the merits of the action under review. *Pratt v. Cudworth*, 637 S.W.2d 720, 724 (Mo.App. 1982). Unless it be manifest that appellants were so prejudiced that the reviewing court can confidently say there was an abuse of discretion, the mere fact appellants were the losing parties does not entitle them to a new trial. *Dawson v. Butts*, 434 S.W.2d 547, 550 (Mo.1968).

■ Here, appellants do not claim or attempt to demonstrate how they were prejudiced by admission of the exhibit, except by the adverse verdict. The question in the case was whether the jury accepted the version of the accident given by Mrs. Roque or that recounted by the truck driver. The jury chose not to believe the account presented by appellants. In this situation where the observations of traffic lane division lines by the respective drivers determined the outcome of the case, there is no basis to find that the exhibit materially affected a judgment by the jury on the issue of witness credibility. Even if the exhibit was erroneously admitted, appellants were not prejudiced thereby.

The second point of the appeal concerns the verdict returned by the jury on respondent's counterclaim for damage to its truck. That verdict found in favor of Kaw Transport Company and also found the total property damage to be "$0". Contrary to the instructions, the jury entered no apportionment of fault. Appellants' point charges the verdict error to be the lack of any assessment of percentage fault.

■ It is immediately apparent, even recognizing the potential infirmity in a verdict such as that returned on respondent's counterclaim, that the consequence cannot be any aggrievance to the counterclaim defendant. If no damages are awarded, either to plaintiff on the principal claim or to respondent on the counterclaim, it also follows that failure of the jury to decide percentage of fault in the occurrence is an error of no practical consequence or significant to any party in the case.

■ The general rule is that non-prejudicial error will not justify reversal of a judgment by an appellate court. The trial court, in turn, is not justified in setting aside a verdict and granting a new trial on the ground of error unless the error was prejudicial to the losing party. *Smith v. St. Louis Public Service Company*, 277 S.W.2d 498, 502 (Mo.1955).

■ In this case appellants do not and could not contend they were prejudiced when the jury failed to set out percentages by which the zero amount of damages allowed for the counterclaim were to be apportioned between plaintiffs and defendants. They also can present no grievance on account of the jury's decision to allow Kaw Transport no monetary damages after a determination that liability for the accident was upon Mrs. Roque. This is not to say that the verdict was sound or even valid. *See Boone v. Richardson*, 388 S.W.2d 68 (Mo.App.1965); *Porter v. Mallet*, 596 S.W.2d 451 (Mo.App.1980). It is simply a case in which appellants have no ground to complain.

■ In their brief, appellants expand the point of error preserved for review by arguing that prejudice resulted when the costs in the case were assessed against them. The argument assumes, without citation of any authority, that costs are necessarily apportioned in conformity with percentages of comparative fault. Even if that be so, which we do not necessarily decide, the remedy for appellants is not a new trial but a post-verdict motion to divide costs. That relief was not claimed and, hence, is not available.

■ The final point of appellants' brief argues that three instructions given by the court to the jury were in error because each included the alleged failure of Mrs. Roque to drive her vehicle within a single lane of the roadway. Appellants contend these instructions should not have been given because they lacked evidentiary support.

The record shows no direct testimony from either driver indicating deviation by Mrs. Roque from her lane of travel. She, of course, testified that she did not leave the lane. The Kaw Transport driver did not see the Roque vehicle before the accident and therefore testified only as to the traffic lane which the truck occupied. The police officer who investigated the accident did testify that Mrs. Roque, in describing the event, told him she was traveling 35 to 40 miles per hour going into the curve, she applied her brakes and skidded to the left striking the Kaw Transport truck. In addition, the physical evidence at the accident scene showed skid marks from the Roque vehicle extending from the center traffic lane to the dividing line of the left lane.

■ In determining whether an instruction should have been given or withheld based on the evidence presented, the reviewing court views all the evidence in the light most favorable to the party offering the instruction giving that party the benefit of all favorable inferences and disregarding any evidence to the contrary. *Hartenbach v. Johnson*, 628 S.W.2d 684, 688 (Mo.App.1982). Measured by this standard, the evidence by the police officer coupled with the skid marks was sufficient to support giving the instructions of which appellants now complain. There was no error entitling appellants to a new trial.

The judgment is affirmed.

All concur.