Kenneth A. WILKES, Plaintiff-Appellant,

v.

GROUP UNDERWRITERS MUTUAL, Defendant-Respondent.

No. 50735.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 26, 1986.

Robert R. Schwarz, Clayton, for plaintiff-appellant.

Lawrence B. Grebel, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

Plaintiff Kenneth Wilkes appeals jury verdict in favor of defendant, Underwriters Mutual Insurance Company on a policy claim for damages caused by fire to plaintiff's automobile.

On Friday, November 25, 1983, plaintiff returned from work and parked his 1981 Buick Regal across the street from his parent's home. Plaintiff and a friend left that evening leaving the automobile where it was parked. Plaintiff did not return home until Sunday evening. Upon his return he noticed his automobile windows appeared to be tinted. Further investigation revealed the interior had been damaged by fire. Plaintiff immediately summoned the police. After the police arrived he also found damage to the left front side of the vehicle and the battery missing.

An arson expert examined the automobile to determine the cause of the fire. His tests indicated the presence of gasoline in the interior of the vehicle and he concluded the fire had been set intentionally. Defendant declined coverage. The expert also found damage to the front end of the automobile. There was no indication of forced entry or of broken pieces of the car on the pavement. The automobile had not been started by anything other than a key. Plaintiff had both sets of car keys. The expert concluded the vehicle was started with a key and was not parked across from plaintiff's parent's home when it was damaged. Plaintiff denied any knowledge of how the damage occurred claiming he had not driven the car all weekend and found the damage upon returning home.

Plaintiff was employed at a hospital earning approximately $1,000 per month. He also earned approximately $200–$300 per month styling hair. He purchased the vehicle in 1981 for $12,500. He was current on the payments and owed a balance of $4,277.22 on the car loan. He continued to make the payments two months after the damage occurred. Plaintiff testified the estimated fair market value of the automobile prior to the damage was $7,900 and after the damage only a couple hundred dollars. Plaintiff's outstanding debts totaled approximately $2,300.

Plaintiff claims on appeal the trial court erred in failing to set aside the verdict in

**310**

favor of defendant because it was against the weight of the evidence and in submitting an instruction which allowed the jury to find for defendant if they believed plaintiff set the fire. Affirmed.

■ Plaintiff claims the trial court erred in refusing to set aside the verdict because it was against the weight of the evidence. In reviewing a jury verdict the Court of Appeals does not determine the credibility of the witnesses, resolve conflicts of testimony or weigh the evidence; these tasks are properly those of the jury. *Fowler v. Daniel*, 622 S.W.2d 232, 236 (Mo.App.1981). Whether or not the verdict is against the weight of the evidence is within the exclusive province of the trial court alone and is not a determination for the Court of Appeals. *Lawrence v. Windsor*, 693 S.W.2d 853, 857 (Mo.App.1985); *Overfield v. Sharp*, 668 S.W.2d 220, 222 (Mo.App.1984). Point denied.

■ Plaintiff avers the trial court erred in submitting defendant's affirmative defense instruction.[1] Plaintiff argues there was no substantial evidence to support the submission of this instruction to the jury. An instruction must be supported by evidence from which the jury could reasonably determine issues submitted by the instruction. *Standard Leasing Corp. v. Missouri Rock Co., Ins.*, 693 S.W.2d 232, 236 (Mo.App.1985). In determining whether an instruction should have been given or withheld based on the evidence presented, the reviewing court views all the evidence in the light most favorable to the party offering the instruction giving that party the benefit of all favorable inferences and disregarding any evidence to the contrary. *Roque v. Kaw Transport Co.*, 697 S.W.2d 254, 257 (Mo.App.1985).

■ The instruction submitted was non-MAI and was based upon *Harris v. Zurich Insurance Company*, 527 F.2d 528 (8th Cir.1975); *McIntosh v. Eagle Fire Company of New York*, 325 F.2d 99 (8th Cir.1963). *Honeycutt v. Aetna Insurance Company*,

510 F.2d 340 (7th Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2416, 44 L.Ed.2d 679 (1975). There was no direct evidence of plaintiff's involvement with the fire. However, the evidence presented indicated the following: there was no indication of forced entry, there were no broken windows, pulled locks or forced doors; the presence of gasoline was detected; there was additional damage to the front end of the vehicle but no evidence the car had been hit where it was parked; nor had the steering column been tampered with. This was circumstantial evidence. The fire had been intentionally set and the car had been driven elsewhere to sustain the damage to the front of the vehicle. The absence of damage supported a finding that the vehicle had not been forced open or driven without the key. Plaintiff testified he had the only two sets of keys to the automobile. We find based on the evidence presented that there was sufficient evidence to support the submission of the instruction.

Affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.

---

1. Your verdict must be for Defendant Group Underwriters Mutual if you believe that Plaintiff Kenneth A. Wilkes set fire to the car in question with the intention of burning said car.