Huey JONES, Plaintiff-Appellant,

v.

Joe D. WILBANKS,
Defendant-Respondent.

No. 14933.

Missouri Court of Appeals,
Southern District,
Division Two.

July 23, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 13, 1987.

Application to Transfer Denied
Sept. 15, 1987.

John Wooddell, Steven D. Harrell, Strong & Wooddell, P.C., Springfield, for plaintiff-appellant.

Bruce E. Hunt, Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Springfield, for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiff appeals from a judgment for defendant in accordance with a jury verdict. He contends the trial court erred in excluding from evidence a video tape of the area where the one vehicle collision, which resulted in this lawsuit, occurred and in also excluding certain United States Weather Service temperature records.

On January 20, 1984, at approximately 6:30 p.m., plaintiff was a passenger in a vehicle operated by defendant which left the roadway and struck a culvert, resulting in serious injuries to plaintiff. Plaintiff contended that the incident occurred because of defendant's inattention while driving. The roadway had been cleared of snow recently and defendant claimed that snow along the side of the road had melted during the day and water from it had run into a "dip" on the road and then refroze after the sunset. Defendant testified that when his vehicle reached the dip an "ice slick and that slight turn, the angle of the road just carried me right off the road."

The video tape was made on August 3, 1986, approximately 2½ years after the accident. It shows cars traveling through the area where defendant said there was a "dip" where ice had accumulated. Plaintiff says it was "[o]ffered solely for the purpose of proving no 'dip' existed". Plaintiff contends that the video tape was prepared so that the jury could watch vehicles travel the road and determine if they exhibited a movement indicating a dip in the road.

■ The issue in admitting or rejecting a video tape is whether it is practical, instructive and calculated to assist the jury in understanding the case. *Roque v. Kaw Transport Co.*, 697 S.W.2d 254, 256 (Mo. App.1985). The trial court's ruling regarding a video tape is accorded great weight and will not be disturbed on appeal unless shown to be an abuse of discretion. Id. See also *Beers v. Western Auto Supply Co.*, 646 S.W.2d 812, 815 (Mo.App.1982); *Snodgrass v. Headco Industries*, 640 S.W.2d 147, 159 (Mo.App.1982); *Cryts v. Ford Motor Co.*, 571 S.W.2d 683, 691 (Mo. App.1978) (perhaps greater degree of caution is required in admitting motion picture because of danger of false perspective or of intentional fabrication). See generally Note, Stuart W. Conrad, Evidence—Admission of Video Tape, 38 Mo L.Rev. 111 (1973).

■ It is possible that a dip existed but that it was so gradual or slight that vehicles traveling over it made no perceivable movement indicating a dip. It is unlikely that any prejudice to plaintiff resulted from excluding the exhibit as its ability to convince a jury that no dip existed is very questionable. There was no abuse of the trial court's discretion in excluding it. This point is denied.

Plaintiff sought to offer as rebuttal evidence certified copies of meteorological records from the files of the National Climatic Data Center of the United States Department of Commerce. These records purported to show temperatures on January 20, 1984, at reporting stations in Harrison, Arkansas; Mountain Home, Arkansas; and Dora, Missouri.

Plaintiff contended that these were the three closest reporting stations to the scene of the collision and wished to read to the jury that the maximum temperature shown on that date in Harrison, Arkansas was 16° Fahrenheit, Mountain Home, Arkansas 21° Fahrenheit, and Dora, Missouri, 12° Fahrenheit. Dora is approximately 14 miles north of the collision site and Mountain Home approximately the same distance south. Harrison is approximately 45 to 50 miles southwest of the collision scene.

Defendant objected to the records because they were not shown to be temperatures taken under "the same or similar circumstances" as there had been "no showing what the elevation was at these particular locations in comparison with what the elevation was at this location [where the vehicle left the road]." The trial judge sustained defendant's objection, stating:

> The Court believes this is injecting a false issue in the case, because the weather records at other locations, there's no showing as to where these temperature readings were taken, whether they were taken on the surface and, if so, what kind of surface, or in the air. In addition, the Court is aware that there are areas of the roadway where the sun does hit the roadway, an asphalt roadway especially will draw heat and it will be hotter than the air even in the immediate vicinity, so if it is offered to establish that it could not be melting on that day, it is dangerous in that it lacks sufficient probative value, so I refuse the exhibit.

■ United States government weather records can be admissible. See *Schucker v. Missouri Department of Natural Resources*, 703 S.W.2d 1, 4 (Mo.App.1985) (upholding the admission of weather records taken 65 to 70 miles from the accident site); § 490.220, RSMo 1986. See also *Armstrong v. City of Monett*, 228 S.W. 771, 774 (Mo.1921) (testimony that plaintiff "thought it was freezing weather" lacked probative force as it conflicted with the "official weather report" of temperature taken approximately 25 miles away); *Monahan v. City of New York*, 31 A.D.2d 933, 298 N.Y.S.2d 822, 824, (1969) (U.S. Weather Bureau's reports prima facie correct); *Richman v. City of New York*, 54 N.Y.S.2d 148 (N.Y.App.Term 1945) (weather bureau records " 'should be accepted rather than indefinite opinions of witnesses' ").

Defendant does not contend that such records are always inadmissible. He contends that these records were inadmissible because they lacked probative value because they do not contain information regarding the elevation where the temperatures were taken nor whether they were taken "on the ground, above ground level, or whether it was sunny or overcast."

Defendant also says the trial court's ruling was correct because plaintiff "failed to establish that the terrain and elevation of the accident site had any relationship to the terrain and elevation of the location where the temperature readings were obtained". He contends that probative value is lacking because there was not established "any nexus between the temperature readings contained therein and temperature readings on highway surfaces." Defendant further asserts in his brief that "assuming arguendo that the trial court erroneously excluded plaintiff's offered exhibit 70 [weather records], nevertheless, the ruling did not constitute an abuse of discretion by the trial court which would require reversal".

The parties agree, as the trial court observed, that sunlight upon an asphalt roadway can cause the roadway to be hotter than air temperature. Defendant says that this "phenomenon itself is controlling in establishing that Exhibit 70 had no probative value." Defendant asserts that air temperature was not an issue but that "[t]he condition of the highway surface in question as affected by the totality of the then existing weather conditions was the real issue before the court."

Defendant offered evidence of the air temperature which did not comply with the criteria which the trial court held plaintiff to and with the standard that the defendant contends justified that ruling. Defendant read into evidence portions of plaintiff's deposition, including where he was asked, "Did the temperature get above the freezing mark that afternoon?" He responded, "Yes, I'm sure it did." On direct examination defendant was asked about the weather conditions on January 20, 1984, and he stated, "the air was chilled, but the sun was out and it was bright." When asked if it was above freezing during the day time he stated that he didn't "know what the air temperature was, but the ice— the sun had melted the snow or slush on the highways somewhat." On cross-exami-

**412**

nation defendant was asked if he recalled what the temperature was that day and he replied that it was in "the upper twenties to the low thirties."

Defendant's counsel asked the highway patrolman who investigated the collision if the temperature got above freezing during the daylight hours, but the trooper was able to remember only that it was "a cold day". At the time he got to the collision scene he said it was below freezing.

Whether or not the air temperature should have been an issue, it appears that it was made an issue by defendant. Defendant sought through both party's testimony to establish what the air temperature was. If defendant thought it was relevant, it is difficult to see how he can contend that the government records of it were inadmissible, had no probative value, or injected a false issue. The only difference between the weather reports and the parties' estimates was that the weather bureau's figures were taken some distance from the site of the collision.

 Defendant also contends that plaintiff's admission by deposition that the temperature got above the freezing mark was a judicial admission which precluded plaintiff from disputing that issue. It is not necessary to decide whether the plaintiff's deposition testimony of the temperature was an opinion or estimate which would not have the binding effect of a judicial admission, see *Stevens v. Wetterau Foods, Inc.*, 501 S.W.2d 494, 497 (Mo.App. 1973), as deposition testimony of a party, not offered by that party, does not constitute a judicial admission. See *Moore v. Ready Mixed Concrete Co.*, 329 S.W.2d 14, 20 (Mo. banc 1959). See also *Joplin v. Missouri Commission on Human Rights*, 642 S.W.2d 370, 372 (Mo.App.1982).

If it is common knowledge, and we agree that it is, that an asphalt road can be warmer than air above it, there would be no danger in misleading the jury with the introduction of the weather report as the jurors would know that the surface of the road might be hotter and become warm enough to permit melting. Whether melting occurred was an issue in the trial and

the air temperature, although not conclusive, was a relevant factor to be considered. Defendant raised the issue of the air temperature, the weather bureau's records were relevant to that issue, and it was an abuse of discretion and prejudicial to plaintiff not to allow plaintiff to rebut defendant's evidence on that issue.

The judgment is reversed and the matter remanded for a new trial.

HOGAN, FLANIGAN and MAUS, JJ., concur.