**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Fred Harvey COLLINS and Daniel Mark**
**Scheffer, Defendants-Appellants.**

**No. 73–1080**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

May 31, 1973.

William F. Walsh, Houston, Tex., court appointed for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This is the second time we review the convictions of Fred Collins and Daniel Scheffer for importing cocaine. In our first review we reversed and remanded for a retrial due to the prejudicial use of evidence obtained by an illegal search. United States v. Scheffer, 5 Cir., 1972, 463 F.2d 567. After reconviction these defendants raise many of the contentions which were properly rejected in our last opinion. The only new issue of any substance concerns the testimony of the Government's witness Robert Frank Saenz. We find no error in the District Judge's ruling set out in his Memorandum Opinion appended hereto.[1]

Affirmed.

December 12, 1972

MEMORANDUM:

During the course of the testimony in the retrial of the above two defendants,

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. This opinion is identical to that which we filed on April 17, 1973, in this matter and which we later ordered withdrawn by an order dated May 10, 1973. Our withdrawal of the former opinion was

occasioned by the fact that through some inadvertence in the Clerk's Office we failed to note that an extension of time had been granted to appellant to file a reply brief. This Brief now filed on May 1, 1973 has been fully considered by the Court and does not change the views which we originally expressed and which we herewith reaffirm by issuance of this opinion.

the prosecution called as a witness Robert Frank Saenz, a co-defendant in this cause. Saenz had pleaded guilty to one count of the indictment and received a sentence of eight years pursuant to 26 U.S.C. § 4704. Saenz had not only previously testified for the government before a federal grand jury in Laredo, Texas, but had also been the government's chief witness in the case against Scheffer and Collins at their first trial.

As the result of certain information indicating a refusal to testify imparted to the Court by both the attorneys for the defendants and the government, a hearing was held out of the presence of the jury to determine Saenz's competency as a witness. After the prosecutor had proffered several questions to Saenz, the Court personally examined the witness and found the following: that although he outwardly maintained a willingness to testify, Saenz was unable to recall clearly virtually all the matters to which he had previously testified in great detail (Saenz stated to the Court that all the testimony he had given in June of 1971 was totally unclear to him at this time); that he was reluctant to review the transcripts of the previous testimony offered to him by the United States Attorney; that the posture assumed by the witness in his portrayal of his failure to remember was for the dual purpose of avoiding a contempt of court charge and of avoiding any conduct which would be harmful to the defense of his close friends and allies Scheffer and Collins; and that the rationale supplied by Saenz as to his faulty memory was a contrivance to avoid restating the testimony that in large measure had previously convicted Scheffer and Collins.

In the face of Saenz's recalcitrance, the Court determined that Saenz would not be competent as a witness and that his testimony given at the original trial should be read to the jury from the official transcript of that trial. The propriety of this decision is buttressed by the holdings of the United States Court of Appeals for the Fifth Circuit in United States v. Wilcox, 450 F.2d 1131 (5th Cir. 1971) and United States v. Mobley, 421 F.2d 345 (5th Cir. 1970), and the holding in United States v. Insana, 423 F.2d 1165 (2nd Cir. 1970) which case presented a factual situation closely analogous to the matter at hand.

By allowing the prior testimony to be read the Court does not believe that there was any infringement of the defendant's rights. Nor was there a violation of proper evidentiary procedure. The defendant's right to confrontation was clearly not violated for the reason that the defendants were represented by the same counsel at the prior trial at which time they fully cross-examined Saenz. Additionally, Saenz was at all times available for personal cross-examination at the instant trial. In fact, the Court stated that if counsel so desired, Saenz would remain in the courtroom during the reading of the prior testimony and then be allowed to take the stand for cross-examination. However, counsel for the defense neither read the prior cross-examination nor personally cross-examined Saenz. That such cross-examination would be fruitless is not convincing in view of Saenz's desire to be helpful to the defendants.

There is little doubt that prior testimony should be admissible as an exception to the hearsay rule in cases of this type. To conclude that prior testimony inconsistent with a present lack of knowledge is admissible as a contradiction is not a unique posture to assume. Of even more substance is the position that when a prior statement is made under oath in a judicial proceeding and the author is available for cross-examination at the subsequent trial, the prior testimony is not hearsay. Cf. Rules of Evidence for the United States District Courts and Magistrates, Article VIII, Rules 801(d)(1), 804(a)(3), 804(b) (56 F.R.D. 183, 293 et seq., Nov. 21, 1972).

Based on the foregoing this Court reached the conclusion that Saenz was or could have been fully aware of the content of his prior testimony, but wished to escape testifying against Scheffer

and Collins and thus make a mockery of the trial. It is the belief of this Court that the statements made in prior sworn testimony are admissible not only to impeach his claim of lack of memory, but also as an implied affirmation of the truth. The trial court's hands should not be tied where a witness does not deny making the statements nor the truth thereof, but merely falsifies a lack of memory.

The clerk will furnish true copies of this Memorandum to the appropriate parties.

Done at Laredo, Texas, this 12th day of December, 1972.

BEN C. CONNALLY
United States District Judge