Grady Allen DAVIS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–88–047–CR.

Court of Appeals of Texas,
Eastland.

April 27, 1989.

Rehearing Denied June 1, 1989.

John H. Hagler, Dallas, for appellant.

Ernie B. Armstrong, Dist. Atty., Snyder, for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted Grady Allen Davis of aggravated kidnapping[1] and assessed his punishment at confinement for 25 years.[2] We reverse and remand.

There is no challenge to the sufficiency of the evidence. Appellant has briefed four points of error. Points one, three, and four become immaterial and will not be discussed in view of our ruling on point two. Appellant contends in point two that the trial court committed reversible error in admitting "prior trial testimony of Larry Beard" because it was hearsay which did not satisfy the requirements of TEX.R. CRIM.EVID. 804(b)(1). We agree.

The complaining witness, Lafayette Griffin, testified that on the evening of October 27, 1987, he was abducted by Davis [appellant], Larry Beard,[3] and Randy Locknane.[4] Complainant had earlier refused to go with them to find complainant's uncle. The uncle had taken Locknane's money [$60] to buy drugs [a gram of cocaine], and Locknane wanted his money back or delivery of the cocaine. Later the three men came back to get complainant. While complainant was talking to Beard, Locknane showed him a gun and told him to get into their car. Complainant got into the backseat beside Davis. Locknane got into the driver's seat and handed the gun to Davis. Beard got into the front passenger's seat, and the four of them began their search for complainant's uncle. Davis kept threatening to shoot complain-

ant and leave him to bleed to death if they did not get the money or the drugs. After they got most of their money, they released complainant alive and in a safe place. Complainant's testimony was corroborated in part by one of his friends; however, both of them had prior criminal records and were vigorously cross-examined by appellant's trial counsel, and we are unable to find beyond a reasonable doubt that the error in admitting the "prior trial testimony of Larry Beard" made no contribution to the conviction. See TEX.R.APP.P. 81(b)(2).

Beard was called as a witness by the State, and he refused to testify. The district judge explained to Beard that he had waived his fifth amendment rights by testifying in his own defense when he was tried in the companion case. See *Chavez v. State*, 508 S.W.2d 384, 386 (Tex:Cr.App. 1974). Nonetheless, Beard persisted in his refusal to testify even after he had been held in contempt. Consequently, Beard clearly falls within the definition of a declarant who is unavailable as a witness under TEX.R.CRIM.EVID. 804(a)(2), but his prior testimony is not admissible under Rule 804(b)(1) because the party against whom that testimony is now offered did not have the opportunity to cross-examine the witness at the time that testimony was originally given.

The prior testimony is not admissible under TEX.R.CRIM.EVID. 801(e)(1) because his prior testimony is *not* inconsistent with his refusal to testify. For the same reason, it is not admissible under TEX.R.CRIM.EVID. 612. A refusal to testify is not an inconsistent statement.[5]

---

1. TEX.PENAL CODE ANN. sec. 20.04 (Vernon 1989) defines the offense. It was a felony of the second degree because the victim was voluntarily released alive and in a safe place.

2. The punishment was enhanced pursuant to TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon Supp.1989) by pleading and proof of two prior offenses. The minimum authorized punishment was confinement for 25 years.

3. Beard was previously tried and convicted for the same offense. His conviction was reversed by this Court on December 15, 1988, in Cause No. 11–88–024–CR [not published].

4. Locknane was subsequently tried and convicted for the same offense. His appeal is presently pending on the docket of this Court in Cause No. 11–88–185–CR.

5. We note that in answer to questions propounded by the district attorney outside the presence of the jury, Beard said that one of the reasons he was refusing to testify was fear of consequences in the penitentiary if he was "classified as a snitch." He did not claim that his prior testimony was untrue, and he felt like neither he nor appellant were guilty of aggravated kidnapping.

After Beard refused to testify, portions of his testimony were read into evidence over appellant's timely objections based upon TEX.R.CRIM.EVID. 804. That prior trial testimony reads in part as shown:

Q: How did you meet him [Lafayette Griffin]?

A: Well, he was on parole, too. I had seen him several times, visiting our parole officer ... and I've also seen him at AA meetings on occasions.

Q: Okay. Have you been around him any other time?

A: Yes, sir, down at "The Flats" at the bootleggers, drinking beer with him some.

\* \* \* \* \* \*

Q: Okay. So after you all got in [the car], what happened next?

A: Randy [Locknane] passed the gun back to Grady [appellant].

\* \* \* \* \* \*

Q: Okay. What did Grady [appellant] do when he got the gun? ·

A: [He] started talking a lot of profanity and "nigger" this and "nigger" that. "I'll take you out to the country and shoot you."

Q: Talking to Lafayette [complainant]?

A: Yes, sir.

The State argues that this prior testimony was admissible under TEX.R.CRIM. EVID. 612(a) as a "prior inconsistent statement" and also argues that it is admissible under Rule 801(e)(1) as a statement which is "inconsistent with his testimony." The State cites these cases in support of its contention: *United States v. Rogers*, 549 F.2d 490 (8th Cir.1976), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 229 (1977); *United States v. Payne*, 492 F.2d 449 (4th Cir.1974), *cert. denied*, 419 U.S. 876, 95 S.Ct. 138, 139, 42 L.Ed.2d 115, 116 (1974); *United States v. Collins*, 478 F.2d 837 (5th Cir.1973), *cert. denied*, 414 U.S. 1010, 94 S.Ct. 373, 38 L.Ed.2d 248 (1973); and *United States v. Insana*, 423 F.2d 1165 (2nd Cir.1970), *cert. denied*, 400 U.S. 841, 91 S.Ct. 83, 27 L.Ed.2d 76 (1970). We will discuss each of these cases.

*Insana* dealt with "a recalcitrant witness who has testified to one or more relevant facts" and then pleads a desire "not to hurt anyone." In this case Beard had not testified to any relevant facts, and his limited testimony was given outside the presence of the jury. We note that *Insana* states, 423 F.2d at 1169:

The general theory of admitting a prior inconsistent statement is the cancellation of an adverse answer by which a party is surprised; however, where a witness gives no testimony injurious to the party calling him ... there is no reason or basis for impeachment under the rule.

*Collins* involved the retrial of two defendants. The witness had testified against them in their first trial, but he refused to testify against them in the second trial. The witness claimed an inability to recall the matters about which he had previously testified for the dual purpose of avoiding a contempt of court charge and of avoiding any harm to the defense of his close friends and allies. The Court noted that defendants "were represented by the same counsel at the prior trial at which time they fully cross-examined" the witness. Not so in the case before us. Beard has not falsified a lack of memory nor has he denied the truthfulness of his testimony at his trial. Beard persisted in refusing to testify despite a court order, and he is "unavailable as a witness" under Rule 804(a)(2).

*Payne* involved a witness who had given prior testimony at his own plea of guilty but who subsequently claimed a loss of memory when called to testify against his three brothers. The precise question dealt with the admissibility of an unsigned statement which a Secret Service agent had taken from the witness and which was discussed in the prior trial of the witness. The Court said, 492 F.2d at 452:

[U]nder the special facts of this case, the reliability of the record of [the witness'] past recollection was sufficiently established that admission of the record [the unsigned statement] into evidence was not barred by mechanical application of the rule against hearsay testimony.

*Rogers* involved the impeachment of an adverse witness by use of an unsworn and unsigned statement which the witness had given to an agent of the Federal Bureau of Investigation. The jury was instructed that:

> [Y]ou will consider any testimony from Mr. Brown [FBI agent] concerning Mr. Baker [reluctant witness] as being testimony to impeach Mr. Baker. Any testimony concerning any other person including the defendant in this case will not be received in evidence in this case.

549 F.2d at 495. The Court then notes that:

> Courts must be watchful that impeachment is not used as a subterfuge to place otherwise inadmissible hearsay before the jury.

549 F.2d at 497.

The judgment of conviction is reversed, and the cause is remanded for a new trial.