Troy Henry DENNIS, Appellant,

v.

The STATE of Texas, Appellee,

No. 01–95–00929–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 29, 1997.

John E. Ackerman, Michael B. Charlton, Houston, for Appellant.

Bonnie J. Bonnicksen, Houston, for Appellee.

Before O'CONNOR, HEDGES and BASS,[1] JJ.

## OPINION

O'CONNOR, Justice.

The appellant, Troy Henry Dennis, was convicted by a jury of capital murder. The appellant was sentenced to life in prison. The appellant raises two points of error. First, the appellant claims the trial court erred in not admitting his testimony from a hearing on a motion to suppress evidence. Second, the appellant claims the trial court's refusal to admit this testimony deprived him

of his right to a jury trial. We overrule the appellant's points of error and affirm.

## FACTS

On January 3, 1993, the police apprehended the appellant in a house near a convenience store where two murders and a robbery had just taken place. Police found bloody shoes, clothes, and a live bullet in the house in which the appellant was caught. In the woods near the convenience store, police discovered a pistol and a pair of pants with blood-smeared money in the pockets. At the time of his arrest, the appellant was not wearing pants.

In the early morning of January 4, 1993, the appellant gave a statement that he had not been involved in the robbery or shootings and was just at the scene using the pay phone. Later the same day, the appellant was questioned, after which he admitted robbing the store and killing one cashier. The appellant signed both statements.

During trial, the appellant moved to suppress the second statement. The trial court heard the motion outside the jury's presence. At the hearing, the appellant denied making the second statement, shooting the cashier, discarding his pants, or having a gun. The appellant testified that one of the officers who questioned him had threatened to hit him with a gun if he did not tell what happened. That officer denied threatening the appellant. The trial court found the appellant made his second statement voluntarily, and allowed the statement to be introduced into evidence.

After the State rested, the appellant asserted his Fifth Amendment right against self-incrimination. U.S. CONST. amend. 5. Based on his own refusal to testify, the appellant argued he was "unavailable" to testify under TEX.R.CRIM. EVID. 804(b)(1), the former-testimony exception to the hearsay rule. The appellant then asked the court to admit his testimony from the suppression hearing based on rule 804(b)(1). The trial court denied his request.

1. The Honorable Sam H. Bass, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## Former Testimony Hearsay Exception

■ The determination to admit evidence is within the trial court's sound discretion. *Werner v. State,* 711 S.W.2d 639, 643 (Tex. Crim.App.1986); *Vaughn v. State,* 888 S.W.2d 62, 74 (Tex.App.—Houston [1st Dist.] 1994), *aff'd,* 931 S.W.2d 564 (Tex.Crim.App. 1996).

Under the former testimony exception in rule 804(b)(1), hearsay testimony will be admitted into evidence if:

(1) the declarant is unavailable as a witness;

(2) testimony was given as a witness at another hearing of the same or a different proceeding; and

(3) the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Tex.R.Crim. Evid. 804(b)(1).

■ The appellant claims he was unavailable because he asserted his Fifth Amendment right not to testify. A witness is generally unavailable if he has a privilege from testifying. Tex.R.Crim. Evid. 804(a)(1). Protection from incrimination under the Fifth Amendment is such a privilege. *Jones v. State,* 843 S.W.2d 487, 490 (Tex.Crim.App. 1992); *Castro v. State,* 914 S.W.2d 159, 163 (Tex.App.—San Antonio 1995, pet.ref'd). However, a witness is not unavailable "if his exemption . . . is due to the procurement or the wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying." Tex. R.Crim. Evid. 804(a); *Castro,* 914 S.W.2d at 163.

■ *Assuming without deciding* that the appellant met all other requirements of rule 804(b)(1), we hold the appellant was not "unavailable" as a witness at the time he sought to have his own statements admitted. Here, the appellant prevented himself from testifying by invoking his Fifth Amendment right against self-incrimination. The testimony's sponsor may not make himself unavailable by invoking his Fifth Amendment protection against self-incrimination and then benefit from that unavailability. *Castro,* 914 S.W.2d at 163; *see also U.S. v. Kimball,* 15 F.3d 54, 55–56 (5th Cir.1994) (applying Fed. R.Crim. Evid. 804(a) & (b)). Such use is not allowed by rule 804(a) or (b)(1). *Castro,* 914 S.W.2d at 163. The appellant was not unavailable for purposes of rule 804(b)(1). *Castro,* 914 S.W.2d at 163. Therefore, the trial court did not abuse its discretion in excluding the appellant's testimony from the suppression hearing.

We accordingly overrule the appellant's point of error one.

## Right to a Jury Trial

■ In point of error two, the appellant argues the trial court's ruling excluding his suppression hearing testimony deprived him of his right to trial by jury under the Texas Constitution.[2] The appellant argues that, by excluding his testimony in which he disavowed the second statement, the court prevented the jury from considering the voluntariness of his confession.[3] The appellant asserts removing the issue from the jury's consideration amounted to an unconstitutional "instruction" impermissibly shifting the burden of proof to him. We disagree.

The appellant did not raise the issue of the voluntariness of his confession because he exercised his Fifth Amendment right against self-incrimination. We have already held the appellant's suppression hearing testimony on the voluntariness of his second statement was properly excluded after he invoked the Fifth Amendment. The appellant has not cited any authority that supports his contention that the exclusion of this evidence was tantamount to an improper jury instruction

---

**2.** Tex. Const. art. 1, § 15.

**3.** The appellant's argument correctly presumes that, because the issue was not raised by evidence to the jury, the appellant was not entitled to have an instruction allowing the jury to consider the voluntariness of his statement. *See Lopez v. State,* 535 S.W.2d 643, 649 (Tex.Crim.

App.1976). The trial court instructed the jury on the appellant's statements. However, it did not instruct the jury it should not consider the appellant's confession if it did not find, beyond a reasonable doubt, the statement was voluntarily made. It is of this omission that the appellant complains on appeal.

on his confession's voluntariness.[4] We decline to adopt a per se rule making a refusal to admit a defendant's evidence a constitutional violation of the right to a jury trial.

We overrule the appellant's point of error two.

We affirm the trial court's judgment.

4. The appellant cited three cases in support of point of error two. *Rose v. Clark*, 478 U.S. 570, 574, 106 S.Ct. 3101, 3104, 92 L.Ed.2d 460 (1986); *Francis v. Franklin*, 471 U.S. 307, 313–15, 105 S.Ct. 1965, 1971, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 513–15, 99 S.Ct. 2450, 2453–55, 61 L.Ed.2d 39 (1979). These cases are distinguishable. In each, the Supreme Court considered a jury charge or instruction which included an express presumption. *Rose*, 478 U.S. at 574, 106 S.Ct. at 3104 ("all homicides are presumed to be malicious in the absence of evidence which would rebut the implied presumption"); *Francis*, 471 U.S. at 309, 105 S.Ct. at 1968 ("a person of sound mind is presumed to intend the natural and probable consequences of his acts ..."); *Sandstrom*, 442 U.S. at 512, 99 S.Ct. at 2453 ("the law presumes that a person intends the ordinary consequences of his voluntary acts"). The jury instruction the appellant received did not contain an express presumption.