Brian Edward DAVIS, Appellant,

v.

The STATE of Texas.

No. 71513.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 7, 1998.

David Cunningham, Houston, for appellant.

Calvin Hartman, Linda West, Asst. Dist. Attys., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and MANSFIELD, PRICE, HOLLAND and WOMACK, Judges, joined.

Appellant was convicted of capital murder and sentenced to death. *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon 1994); TEX. CRIM. PROC.CODE ANN. art. 37.071, § 2 (Vernon Supp.1997). Appeal to this Court is automatic. TEX.CRIM. PROC.CODE ANN. art. 37.071, § 2(h) (Vernon Supp.1997). Appellant raises thirty points of error. We will affirm.

In point of error twenty-two appellant contends that the trial court erred in denying his request to admit his former testimony under Texas Rule of Criminal Evidence 804(b). Appellant testified at a pre-trial suppression hearing. At trial he sought to introduce the transcript of his former testimony. He argued that, under Rule 804, if a person has testified in a proceeding concerning a material issue, and both sides have had an opportunity to cross-examine the witness, and the person invokes a privilege and refuses to testify, the prior testimony should be admitted at trial. Appellant did invoke his Fifth Amendment right not to testify thus becoming, according to him, unavailable within the meaning of the rule. The trial court refused to admit the transcript, saying, "If that rule applies to a defendant, the Appellate Court is going to have to say so." We decline the invitation.

Rule 804(a) provides in part that a declarant is not unavailable if his exemption from testifying is procured by the party offering the declarant's testimony:

> A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.

TEX.R.CRIM. EVID. 804(a). In the present case, appellant was exempt from testifying because he invoked his privilege against self-incrimination. By invoking his Fifth Amendment privilege, appellant procured this exemption for the purpose of preventing

himself from testifying as a witness. And appellant was the proponent of his prior testimony. Therefore, under the plain language of the rule, appellant was not unavailable.

Two courts of appeals have come to the conclusion that a defendant who invokes his Fifth Amendment privilege does not become unavailable under Rule 804 when he seeks to offer his own prior testimony. *See Castro v. State,* 914 S.W.2d 159 (Tex.App.—San Antonio 1995, pet. ref'd); *Dennis v. State,* 961 S.W.2d 245 (Tex.App.—Houston [1st Dist.] 1997, no pet.). Both courts of appeals' opinions relied expressly upon the provision of Rule 804(a) quoted above. *Castro,* 914 S.W.2d at 163; *Dennis,* at 245. Likewise, the Fifth Circuit, in reaching the same conclusion, relied upon a similarly worded provision in Federal Rule of Evidence 804(a). *United States v. Kimball,* 15 F.3d 54, 55–56 & 56 n. 5 (5th Cir.1994); *see also United States v. Peterson,* 100 F.3d 7, 13–14 (2nd Cir.1996) (following Fifth Circuit's lead in interpreting the last paragraph of Federal Rule 804(a)).

The cases cited by appellant as controlling authority are easily distinguished. In *Bryan,* the defendant testified at his first trial but invoked his Fifth Amendment privilege at his second trial. *Bryan v. State,* 837 S.W.2d 637, 639 (Tex.Crim.App.1992). At the defendant's second trial, the *State* offered the defendant's testimony from the first trial. *Id.* The exception to unavailability found in Rule 804(a) did not apply because the State was the proponent of the evidence, and the

State did not procure the defendant's invocation of his Fifth Amendment privilege.[1] *Rodela* and *Davis* involved the testimony of persons other than the defendant. *Rodela v. State,* 829 S.W.2d 845, 849 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Davis v. State,* 773 S.W.2d 592, 593 (Tex.App.—Eastland 1989, pet. ref'd).[2] Hence, the exception to unavailability did not apply.

Because appellant was not "unavailable" within the meaning of Rule 804, the trial court did not err in refusing to admit the transcript of appellant's prior testimony. We overrule point of error twenty-two.

We affirm the judgment of the trial court.

BAIRD, J., filed a concurring opinion, in which OVERSTREET and MEYERS, JJ., joined.

WOMACK, J., filed a concurring opinion.

BAIRD, Judge, concurring.

The majority errs in holding appellant was not unavailable within the meaning of Tex. R.Crim. Evid. 804. *Ante,* at 157. However, for the reasons stated below, the twenty-second point of error should be overruled.

### Former Testimony

#### A. The Trial Court

Appellant was charged with attempted murder and incarcerated in an administrative segregation unit of the Harris County jail. His wife was also implicated in the crime and incarcerated in a separate facility. During

---

1. In his concurring opinion, Judge Baird contends that our holding that *Bryan* is inapplicable is devoid of analysis. That is simply untrue. Our analysis is based on the plain meaning of the last sentence of Rule 804(a). The State does not control whether a defendant invokes his right not to testify; the defendant does. Therefore, the defendant procures his own exemption from testifying; the State does not. Notably absent from Judge Baird's opinion is any response to this argument. Judge Baird further contends that our application of the rule is not even-handed. The procurement provision in Rule 804(a) is inapplicable to the State here simply because it is the opposite party—not because it is the "State." If the State were to procure the absence of a witness, then the State would be barred from using that witness' former testimony by the hearsay rule, even though the defendant *could* utilize

the witness' former testimony under Rule 804. An example of "unilateral" unavailability that works against the State is discussed in *Jones v. State,* 843 S.W.2d 487, 491–492 (Tex.Crim.App.1992)(witness who testifies at grand jury proceedings but later invokes Fifth Amendment privilege at defendant's trial is unavailable to the defendant but *not* unavailable to the State because the State could grant the witness immunity).

2. Similarly, Judge Baird's reliance upon *Jones* is misplaced because the witness in that case was someone other than the defendant, and the defendant did not procure the witness' absence. In fact as discussed in footnote two, *Jones* recognized that a witness could be *unilaterally* unavailable to the defendant under the rules.

this incarceration, detectives began developing evidence linking appellant and his wife to a separate and unrelated offense, the instant capital murder. Appellant and his wife communicated by telephone during their confinement. During one of their conversations, appellant learned the detectives had visited appellant's wife to obtain evidence relating to the instant offense. Appellant then requested and received a meeting with the detectives. At this meeting, appellant gave a videotaped confession to the instant offense.

Prior to trial, appellant moved to suppress the confession. Appellant asserted he confessed based on the assumption that in exchange for the confession: 1) his wife would receive immunity; 2) he would be transferred out of administrative segregation; 3) he would receive a contact visit with his wife; and, 4) his wife would receive a life sentence instead of the death penalty. Because these demands were not met, appellant contended the confession was involuntary. The trial judge denied the motion to suppress the confession. At trial, the confession was admitted into evidence and published to the jury.

After the State introduced the confession into evidence, appellant sought to admit his testimony from the pre-trial suppression hearing to establish his confession was involuntary. Outside the jury's presence, appellant exercised his Fifth Amendment privilege not to testify. Appellant asserted the invocation of his Fifth Amendment privilege rendered him "unavailable" and, therefore, his pre-trial testimony was admissible as "former testimony" under Tex.R.Crim. Evid. 804(b)(1). The trial judge denied appellant's request and his testimony from the pre-trial suppression hearing was not admitted at trial. The twenty-second point of error contends the trial court erred in denying appellant's request to admit his pre-trial testimony.

## B.  Tex.R.Crim. Evid. 804

Rule 804 provides in part:

(a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant:

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or

(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3) testifies to a lack of memory of the subject matter of his statement; or

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means.

A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.

(b) Hearsay exceptions. The following are not excluded if the declarant is unavailable as a witness:

(1) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. . . .

In order for former testimony to be admissible a three prong test must be satisfied. First, the declarant must be unavailable to testify at the latter proceeding. Second, the latter proceeding must include the same charges, parties and issues as the former proceeding. Third, the party against whom the testimony is being offered must have had an opportunity and similar motive at the former proceeding to develop the former testimony on direct, cross or redirect examination. *Bryan v. State,* 837 S.W.2d 637 (Tex. Cr.App.1992).

### i. Declarant Unavailable

Unavailability as a witness includes situations in which the declarant is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so. Tex.R.Crim. Evid. 804(a)(1). In *Bryan,* the defendant testified at his first trial but elected not to testify at his second trial. At the second trial, the judge allowed the court reporter to read portions of the defendant's direct and cross-examination testimony from the first trial. This Court held when the defendant invoked his Fifth Amendment privilege against self-incrimination during the second trial, he became "unavailable" for purposes of Rule 804(a)(1). *Id.,* 837 S.W.2d at 644. Similarly in *Jones v. State,* 843 S.W.2d 487 (Tex.Cr.App.1992), a witness testified before the grand jury but, at trial, invoked her Fifth Amendment privilege not to testify. The *Jones* Court held the witness was unavailable. *Id.,* 843 S.W.2d at 490. *See also, Davis v. State,* 773 S.W.2d 592 (Tex. App.—Eastland 1989).[1] Under this authority, appellant meets the unavailability requirement of Rule 804(a)(1).[2]

### ii. Same Parties, Charges and Issues

Accordingly, I would have held appellant was unavailable and, therefore, the second inquiry rests on whether the parties, charges and issues from the pre-trial hearing were the same as those at trial. In *Bryan,* 837 S.W.2d at 644, we held when the charge and the parties involved remain constant the two proceedings are necessarily the same.

Therefore, in the instant case, the parties and charge were the same at both proceedings.

The next issue is whether the pre-trial hearing was the same at trial. "Neither the form of the proceeding, the theory of the case, nor the nature of the relief sought need be the same. Only the particular issue as to which the testimony was first offered must be substantially similar to the issue upon which offered in the current action." *Coffin v. State,* 885 S.W.2d 140, 147 (Tex.Cr.App. 1994) (citing M. Graham, Federal Practice and Procedure: Evidence § 6793 (Interim Edition 1992), at 784).

The issue at the instant suppression hearing was the admissibility of the confession. A confession is inadmissible where "the confession was not voluntary, being induced by promise, persuasive and positive, by one in authority." *Fisher v. State,* 379 S.W.2d 900, 902 (Tex.Cr.App.1964) (citing *Searcy v. State,* 28 Tex.App. 513, 13 S.W. 782 (1890)). Appellant directly addressed the issue of voluntariness when he testified at the pre-trial hearing. Similarly, appellant offered the former testimony at trial to establish the confession was involuntary. Thus, the issue was the same in both proceedings.

### iii. Opportunity and Similar Motive to Cross–Examine

Rule 804(b)(1) provides "the party against whom the testimony is offered," must have "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." This provision protects the party against whom the former

---

1. Amazingly, the majority holds that *Bryan* is not applicable to the case *sub judice* because "the State offered the defendant's testimony from the first trial." *Ante* at 156 (emphasis in the original). The majority's rationale that the "exception to unavailability found in Rule 804(a) did not apply because the State was the proponent of the evidence" *Ibid.,* is totally devoid of analysis and nothing more than results-oriented jurisprudence. There is no language in Rule 804(a) or additional commentary stating this provision is not available to a defendant or in instances solely where the State might determine the rule useful. "A good rule of evidence works both ways." *Cass v. State,* 676 S.W.2d 589, 592 (Tex.Cr.App. 1984); *see also, Moncrief v. State,* 707 S.W.2d

630, 636 (Tex.Cr.App.1986); *Ballew v. State,* 640 S.W.2d 237, 246 (Tex.Cr.App.1980).

2. In *Castro v. State,* 914 S.W.2d 159, 163 (Tex. App.—San Antonio 1995), and *Dennis v. State,* 961 S.W.2d 245 (Tex.App.—Houston [1st Dist.] ), two courts of appeals held a defendant who invokes his Fifth Amendment privilege not to testify is not unavailable under Rule 804(a)(1). Those holdings were based on *United States v. Kimball,* 15 F.3d 54 (5th Cir.1994). *See also, State v. Smith,* 15 Wash.App. 103, 547 P.2d 299 (1976). While the *Castro* and *Dennis* Courts ultimately reached the correct conclusion, those cases are in direct conflict with our opinions in *Bryan, supra,* and *Jones, supra.*

testimony is offered from the ill-effects of not being able to examine the witness who gave the testimony. *Jones,* 843 S.W.2d at 491 (citing *United States v. Salerno,* 937 F.2d 797, 806 (2d Cir.1991)). However, the ill-effects are alleviated if the opponent had the opportunity and similar motive to question the witness at both proceedings.

Rule 804(b)(1) does not require the opponent of the evidence to have had an "identical" motive, only that he have had a "similar" motive, in order for former testimony to be admitted. *Coffin,* 885 S.W.2d at 147. Furthermore, whether the opponent had the requisite opportunity must be decided on a case-by-case basis, as a fact-bound inquiry in accordance with the particular facts and circumstances. *Russell v. State,* 604 S.W.2d 914, 915 (Tex.Cr.App.1980).

With the foregoing in mind, whether the State had the opportunity and similar motive to question appellant at both the pretrial suppression hearing and the trial on the merits must be determined. In *Jones,* the State contended it did not have the same motive in developing the testimony at a grand jury hearing as it would at trial because grand jury proceedings serve a different purpose. *Id.,* 843 S.W.2d at 491. Grand juries investigate the case to see if sufficient probable cause exists to indict the defendant and, according to the State, the prosecutor at this stage must be a neutral participant in the process of discovery. *Id.,* 843 S.W.2d at 491. However, the *Jones* Court, relying on several federal circuit courts, held the government has "the same motive and opportunity to question [the witness] when it brought him before the grand jury as it does at trial." *Id.,* 843 S.W.2d at 491 (citing *United States v. Miller,* 904 F.2d 65, 68 (D.C.Cir.1990); *and, United States v. Lester,* 749 F.2d 1288, 1301 (9th Cir.1984)).

Similarly in *United States v. Klauber,* 611 F.2d 512, 516–517 (4th Cir.1979), the Fourth Circuit noted that the government, at grand jury proceedings, had *a full right* to interrogate the witness. *See also, United States v. Young Bros., Inc.,* 728 F.2d 682, 691 (5th Cir.1984) ("The party against whom the testimony was being offered at trial, the govern-

ment, had an opportunity to question the witnesses *fully* during the grand jury hearing.").[3] These cases may be read to hold that the opportunity requirement of Rule 804(b)(1) contemplates a full opportunity to question the witness.

However, in certain instances the parties are not provided with a full opportunity to question the witness. This is true when a witness testifies for a limited purpose. A prime example is when a defendant testifies at a motion to suppress hearing. In such circumstances, the cross-examination of the defendant is limited solely to the facts surrounding the suppression issue. The defendant shall not be subject to cross-examination except for the limited purpose of facts involving the suppression issue, nor shall the defendant be compelled to testify at the trial on the merits because of his testimony at the suppression hearing. *Brumfield v. State,* 445 S.W.2d 732, 733 (Tex.Cr.App.1969) (citing *Lopez v. State,* 384 S.W.2d 345 (Tex.Cr.App. 1964)). When testimony is given for a limited purpose, that testimony may not thereafter be admitted against the defendant at trial on the issue of guilt. *Brumfield,* 445 S.W.2d at 737 (citing *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247).

In contrast, when an accused voluntarily testifies before a jury he is subject to the same rules governing direct examination and cross-examination as any other witness. *Myre v. State,* 545 S.W.2d 820, 825 (Tex.Cr. App.1977); and *Brown v. State,* 617 S.W.2d 234, 236 (Tex.Cr.App.1981). That is, he may be "contradicted, impeached, discredited, attacked, sustained, bolstered up, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying, except where there are overriding constitutional or statutory prohibitions." *Ibid.,* 617 S.W.2d at 236. Therefore, if the defendant chooses to testify at the trial on the merits, "... he is on the stand for all purposes ... and his character, reputation and any other relevant issue may be inquired into." *Brumfield,* 445 S.W.2d at 733 (citing Tex.Code Crim. Proc. Ann. art. 37.07). In other words, the defendant may

---

**3.** All emphasis is supplied unless otherwise indicated.

not testify at the trial on the merits for a limited purpose. *Gonzales v. State,* 160 Tex. Crim. 548, 272 S.W.2d 524, 525 (1954); *and, Rubens v. State,* 166 Tex.Crim. 71, 311 S.W.2d 242, 244 (1958).[4]

In the instant case, appellant testified at the pretrial suppression hearing for a limited purpose of establishing his confession was involuntary. In that limited status, the State did not have the opportunity to fully cross-examine appellant. Therefore, the opportunity to cross-examine appellant at the suppression hearing was not the same as it would have been had appellant elected to testify at trial. Consequently, the trial judge did not err in not admitting appellant's testimony from the suppression hearing.

Accordingly, I concur in the judgment of the majority, however, I would hold Rule 804(a) does not simply inure itself to the State's benefit.

OVERSTREET and MEYERS, JJ., join this opinion.

WOMACK, Judge, concurring.

I join the Court's opinion. I write only to add a comment about the disagreement between the Court and Judge Baird over the meaning of *Bryan v. State,* 837 S.W.2d 637 (Tex.Cr.App.1992). *Bryan* is not worth their time.

Bryan had testified at his first trial, but refused to testify at his retrial. The State offered part of his testimony from the first trial. In deciding whether Bryan was unavailable under the hearsay rule, the *Bryan* Court made an effort that was contorted and unnecessary. Bryan's former testimony was not hearsay to begin with, because it was the admission of a party-opponent. Texas Rule of Criminal Evidence 801(e)(2)(A). Treatise writers have tactfully referred to this fallacy in *Bryan:* "An alternative ground for reaching the same result, which was also relied upon by the Court of Appeals in *Bryan,* is Rule 801(e)(2)(A)." S.Goode *et al., 2 Texas*

*Practice: Guide to the Texas Rules of Evidence: Civil and Criminal* 180 (2d ed.1993).

Rather than argue over the *Bryan* Court's attempt to apply the unavailability test to nonhearsay, I would recognize that the *Bryan* opinion belongs in the law's curiosity shop.

---

4. In this context, if the State could not admit the defendant's pre-trial testimony at trial, the defendant should not be permitted to admit the same evidence. Because the State could not have introduced the defendant's suppression hearing testimony at trial, appellant was also precluded from introducing this testimony.