NO. 07-04-0053-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2006

_____

DONNIE JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3338; HONORABLE RON ENNS, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Donnie Jones appeals his conviction for the felony offense of evading arrest and punishment of one year confinement, probated for five years. Appellant's first two points of error challenge the legal and factual sufficiency of the evidence. His third point assigns error to the exclusion of evidence. We affirm.

The nature of appellant's challenges requires a recitation of the evidence presented. In the early morning hours of August 18, 2002, Dumas police officer David Knepp and his

field training officer Sergeant Bud Trammel were on patrol in a marked police car when they passed a motorcyclist at an intersection. Even with the car windows up the officers heard loud music coming from the motorcycle. Trammel recognized the rider as appellant wearing a cowboy hat. Knepp made a U-turn to initiate a traffic stop and warn the rider about the loud music. With Knepp attempting to intercept, the motorcycle rider made a number of turns. After Knepp turned onto the same street as the motorcycle, he turned on the patrol car's emergency lights and siren. Both officers testified the motorcycle accelerated. They continued the pursuit out of the Dumas city limits until the rider either lost control or intentionally dropped the motorcycle and fled. Officers found the motorcycle, which was registered to appellant, "just down the street" from appellant's residence.

The officers went to appellant's home looking for him. From the patrol car Knepp saw someone looking out a window but no one answered the door. Appellant's brother arrived shortly and, after looking in the house at their request, told the officers appellant was not there. The State also presented the testimony of David Adcock, a local wrecker driver who said he saw appellant riding a motorcycle in Dumas and playing loud music at about 3 a.m. on that day. The defense did not present any witnesses.

The jury found appellant guilty of evading arrest and the trial judge assessed punishment at one year confinement in a state jail facility, probated for five years. Appellant's first point of error challenges the legal sufficiency of the evidence that he was the person who fled from officers. His second challenges the factual sufficiency of the evidence on the same issue. Appellant does not contest that the conduct described by the

2

officers satisfied the elements of the offense. His complaints are limited to his identification as the person engaging in that conduct.

Appellant correctly recites the standards we must apply in reviewing the sufficiency of the evidence, and the deference we must afford to the factfinder. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004) (factual sufficiency); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000) (jury is exclusive judge of weight of evidence and credibility of witnesses).

In support of his first two points appellant argues the identification of him by Trammel was "weak at best" and could not establish his identity beyond a reasonable doubt. His conclusion is based on the facts that the identification occurred at night across an intersection from a moving car and that appellant's brother, who was similar in appearance, had access to the motorcycle. Appellant challenges the credibility of his identification by Adcock the same morning on the basis of personal animosity between Adcock and the Jones brothers and the ubiquity of cowboy hats in West Texas.

The record reflects that Trammel did not equivocate in his identification of appellant at trial. His testimony indicated the loud music drew his attention to the motorcycle. His identification was not based on this single viewing. Trammel knew appellant and his brother, could distinguish between the two, and knew where they lived. A rational jury could find this identification credible. *Cf. State v. Hooser*, No. 07-93-0423-CR (Tex.App.–Amarillo April 12, 1994, no pet.) (not designated for publication) (affirming suppression of

3

evidence based on rejection of officer's claim he was 100 percent certain of contents of cigarette held by occupant of vehicle across intersection at night was marijuana). The identification was supported by the fact that the motorcycle found by the officers was registered to appellant and by Adcock's identification of appellant about the same time, engaging in the same conduct witnessed by the officers. Adcock also identified appellant in the courtroom. Adcock had known appellant and his brother his entire life, and evidenced no difficulty in correctly identifying them in two photographs where they appeared in identical clothing. Appellant presented no other evidence controverting the identification. There was no evidence that appellant's brother ever used or had permission to use the motorcycle. The jury who observed the demeanor of the witnesses could reasonably have determined the State established appellant's identity beyond a reasonable doubt. We find the evidence both legally and factually sufficient to support the jury's verdict and overrule appellant's first two points of error.

Appellant's third point challenges the exclusion of hearsay testimony concerning a telephone call between appellant and a deputy sheriff on the morning of the pursuit. Out of the presence of the jury appellant elicited testimony from Trammel and Knepp concerning a conversation they had with Moore County deputy sheriff Mike Fitzgerald about 4 a.m. on August 18, 2002. In that conversation, Fitzgerald told Trammel and Knepp that appellant had called Fitzgerald by telephone after the 3 a.m. pursuit. The purpose of appellant's call to Fitzgerald was not clear from the testimony, but during the call appellant said he was calling from Amarillo. The evidence showed deputy Fitzgerald was deceased

4

at the time of trial. The trial court sustained the State's hearsay objections over appellant's argument the statement was admissible under Rule of Evidence 804.

Trial court rulings on the admission of evidence are reviewed for abuse of discretion. *Mozon v. State*, 991 S.W.2d 841 (Tex.Crim.App. 1999); *Green v. State*, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996), *cert. denied*, 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). For the proffered evidence to avoid the bar of the hearsay rule, appellant must show exceptions to each of the two layers of hearsay. *See* Tex. R. Evid. 802, 805. Appellant argues his statement to Fitzgerald was admissible as a present sense impression under Rule 803(1) because he was describing the "event or condition" of being in Amarillo while perceiving it. He next argues the statement from Fitzgerald to Trammel and Knepp was admissible under Rule 804 because Fitzgerald was unavailable to testify at trial. We do not agree that either contention demonstrates the trial court abused its discretion by excluding the testimony.

The general rule against admission of hearsay statements is based on their inherent unreliability. *Green v. State*, 876 S.W.2d 226, 228 (Tex.App.–Beaumont 1994, no pet.). Exceptions to that rule have been created for statements which have other indicia of reliability. *See United States v. Hernandez*, 333 F.3d 1168, 1179 (10th Cir. 2003) (citing 2 *McCormick on Evidence* § 253 (5th Ed. 1999)); *Rabbani v. State*, 847 S.W.2d 555, 560 (Tex.Crim.App. 1992) (indicia of reliability for present sense impression); *Sneed v. State*, 955 S.W.2d 451, 453 (Tex.App.–Houston [14th Dist.] 1997, pet. ref'd) (exceptions are based on trustworthiness of certain evidence). The safeguards of reliability for a statement

of the declarant's present sense impression include: (1) the report at the moment of the thing then seen, heard, etc., is safe from any error from defect of memory of the declarant; (2) there is little or no time for a calculated misstatement; and (3) the statement will usually be made to another who would have the equal opportunity to observe and hence to check a misstatement. *Id.*; *Esparza v. State*, 31 S.W.3d 338, 342 (Tex.App.--San Antonio 2000, no pet.). The statement at issue here does not meet two of those criteria. The fact that appellant initiated the call to Fitzgerald gave him opportunity for calculated misstatement. Additionally, Fitzgerald was not present in Amarillo to observe appellant's presence there.

Appellant cites *Cardenas v. State*, 115 S.W.3d 54 (Tex.App.–San Antonio 2003, no pet.), in which the court affirmed the admission, over the defendant's objection and as a present sense impression, of a declarant's statement that another person was at that time in her apartment. *Id.* at 63. The statement admitted there was made to the testifying witness in person and carried greater indicia of trustworthiness than appellant's statement describing his own location made over a telephone to a person in another city. The court's approval of admission of the statement in *Cardenas* does not support a contention the court's exclusion of appellant's statement was an abuse of discretion.

With regard to deputy Fitzgerald's statements to Trammel and Knepp, appellant's reliance on Rule of Evidence 804 is misplaced. Rule 804 creates an exception to the hearsay rule for (1) former testimony, (2) dying declarations concerning the cause or circumstances of the perceived impending death, and (3) statements of personal or family history, by a declarant who is unavailable to testify for the reasons set forth in the rule.

6

Tex. R. Evid. 804(b). The evidence established Fitzgerald was unavailable at the time of trial, but his statements appellant sought to admit do not fall within any of the categories admissible under Rule 804(b), and were properly excluded. *Davis v. State*, 961 S.W.2d 156 (Tex.Crim.App. 1998), on which appellant relies, involved former testimony. We overrule appellant's third and final point, and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.