IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-40,339-06





EX PARTE BRIAN EDWARD DAVIS






ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 616522 IN THE 230
TH DISTRICT COURT


HARRIS COUNTY





Per Curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure, Article 11.071 , section 5.

 Applicant was convicted of the offense of capital murder. The jury answered the
special issues in such a manner that a sentence of death was imposed on June 16, 1992. This
Court affirmed applicant's conviction and sentence on direct appeal. Davis v. State, 961
S.W.2d 156 (Tex. Crim. App. 1998). Applicant's initial application for a writ of habeas
corpus was denied. Ex parte Davis, No. WR-40,339-01 (Tex. Crim. App. March 10,
1999)(unpublished). Applicant filed three more applications for a writ of habeas corpus,
which were all dismissed for failing to satisfy the requirements for a subsequent writ under
section 5 of Article 11.071. Ex parte Davis, No. WR-40,339-04 (Tex. Crim. App. May 7,
2002)(unpublished); Ex parte Davis, No. WR-40,339-03 (Tex. Crim. App. April 29,
2002)(unpublished); Ex parte Davis, No. WR-40,339-02 (Tex. Crim. App. Sept. 13,
2000(unpublished). Applicant filed another application raising a claim under Atkins v.
Virginia, 536 U.S. 304 (2002). That application satisfied the requirements of section 5, and
the case was remanded to the trial court for further proceedings. Ex parte Davis, No. WR-40,339-05 (Tex. Crim. App. Aug. 9, 2002)(unpublished). We have today denied relief in that
applications.

 In his current writ application, applicant presents a single allegation: that the
nullification instruction in the charge to the jury did not allow the jury to consider and give
effect to mitigating evidence presented at trial. In two cases the Supreme Court held the
correct standard of review for such a claim had not been applied. See Tennard v. Dretke, 124
S. Ct. 2562 (2004), and Smith v. Texas, 125 S. Ct. 400 (2004). Thus applicant has met the
requirements for consideration of a claim the basis of which was not available at the time his
initial application was filed. Tex. Code Crim. Proc., art. 11.071 § 5(a)(1). This case is
remanded to the trial court for consideration of applicant's claim. Id. at § 6(b).

 IT IS SO ORDERED THIS THE 29th DAY OF MARCH , 2006.

Do Not Publish