

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,263

### EX PARTE BRIAN EDWARD DAVIS, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 616522 IN THE 230TH DISTRICT COURT HARRIS COUNTY

**Per Curiam. KELLER, P.J., delivered a dissenting opinion in which MEYERS, KEASLER, and HERVEY, JJ., joined.**

## O P I N I O N

In this cause, we take the unusual step of reconsidering, on our own initiative, a claim raised in a previous application for writ of habeas corpus in a capital murder case, but rejected by this Court in an order issued in 2002.

In June 1992, a jury convicted applicant of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed

applicant's conviction and sentence on direct appeal. *Davis v. State*, No. AP-71,513, published in part at 961 S.W.2d 156 (Tex. Crim. App. 1998). Applicant filed his initial application for a writ of habeas corpus in the convicting court on July 28, 1997. This Court denied relief. *Ex parte Davis*, No. WR-40,339-01 (Tex. Crim. App. March 10, 1999)(not designated for publication). Applicant later filed three more habeas applications which were all dismissed for failing to satisfy the requirements for a subsequent writ under Article 11.071 § 5. *Ex parte Davis*, No. WR-40,339-02 (Tex. Crim. App. Sept. 13, 2000)(not designated for publication); No. WR-40,339-03 (Tex. Crim. App. April 29, 2002)(not designated for publication); and No. WR-40,339-04 (Tex. Crim. App. May 7, 2002)(not designated for publication).

Applicant filed another subsequent application raising a mental retardation claim under *Atkins v. Virginia*, 536 U.S. 304 (2002), which this Court held satisfied the requirements of Section 5. After remanding the case to the trial court, this Court found that applicant was not mentally retarded and denied him relief. *Ex parte Davis*, No. WR-40,339-05 (Tex. Crim. App. Mar. 29, 2006)(not designated for publication). The Court also determined that the *Penry II*/nullification claim raised in applicant's fifth subsequent application met the requirements of Article 11.071 § 5, and we remanded the case to the trial court to consider applicant's claim. *Ex parte Davis*, No. WR-40,339-06 (Tex. Crim. App. Mar. 29, 2006)(not designated for publication). But because of changes in the law since the time that we remanded that case, we subsequently determined that applicant's fifth

subsequent application should be dismissed. However, the same changes that led us to dismiss applicant's fifth subsequent writ application have led us to the conclusion that the *Penry II*/nullification claim, which was previously raised in his second subsequent writ application and dismissed by this Court, should be reconsidered. *See Ex parte Davis*, No. WR-40,339-03 (Tex. Crim. App. April 29, 2002)(order dismissing application not designated for publication). It is to that claim we now turn.

In his second subsequent writ application, applicant alleged that the nullification instruction in the charge to his jury did not allow the jury to consider and give effect to mitigating evidence presented at his trial in violation of the Eighth Amendment. *See Penry v. Johnson* ("*Penry II*"), 532 U.S. 782 (2001).

At the conclusion of the punishment phase of applicant's trial, the jury was given the deliberateness and future dangerousness instructions as dictated by Article 37.071(b). The trial court also submitted the following supplemental/nullification instruction to applicant's jury:

> You are instructed that when you deliberate on the questions posed in the special issues, you are to consider all relevant mitigating circumstances, if any, supported by the evidence presented in both phases of the trial, whether presented by the State or the defendant. A mitigating circumstance may include, but is not limited to, any aspect of the defendant's character, background, record, emotional instability, intelligence or circumstances of the crime which you believe could make a death sentence inappropriate in this case. If you find that there are any mitigating circumstances in this case, you must decide how much weight they deserve and thereafter, give effect and consideration to them in assessing the defendant's personal culpability at the time you answer the special issue. If you determine, when giving effect to the mitigating evidence, if any, that a life sentence, as reflected by a negative

finding to the issue under consideration, rather than a death sentence, is an appropriate response to the personal culpability of the defendant, a negative finding should be given to that special issue under consideration.

The nullification instruction given to applicant's jury is nearly identical to the instruction that was at issue in *Penry II*. *See Penry*, 532 U.S. at 790 ("If you determine, when giving effect to the mitigating evidence, if any, that a life sentence, as reflected by a negative finding to the issue under consideration, rather than a death sentence, is an appropriate response to the personal culpability of the defendant, a negative finding should be given to one of the special issues.").

Furthermore, the mitigating evidence presented by applicant is the sort of evidence that this Court has said is not encompassed within the former statutory special issues. The jury was presented with evidence that applicant suffered from severe learning disabilities, functional illiteracy, childhood head injuries, deficits in social functioning, drug and alcohol "dependency" by age fifteen, and a physically violent and emotionally traumatic upbringing. Much of this evidence is the type of evidence for which the jury should have been given a vehicle to give it meaningful consideration. *See Ex parte Martinez*, 233 S.W.3d 319, 320 (Tex. Crim. App. 2007) (multiple hospitalizations in state psychiatric facilities, abuse of alcohol at a young age, troubled childhood); *see also Ex parte Moreno*, 245 S.W.3d 419, 422 (Tex. Crim. App. 2008) (troubled childhood).

The nullification instruction given to applicant's jury was not a sufficient vehicle to allow jurors to give meaningful consideration and full effect to the mitigating evidence

presented by applicant. Because the mitigating evidence presented at applicant's trial is the type of evidence for which he was entitled to a separate and sufficient vehicle, we remand the case to the trial court for a new punishment hearing.


Delivered:    November 18, 2009
Do Not Publish