IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,339-05






EX PARTE BRIAN EDWARD DAVIS








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 616522 IN THE 230TH DISTRICT COURT


HARRIS COUNTY





 Per curiam. 



O R D E R



 We have before us applicant's request that the Court reconsider on our own initiative
our denial of his mental retardation claim which he raised in his fourth subsequent
application for writ of habeas corpus. See Ex parte Davis, No. WR-40,339-05 (Tex. Crim.
App. Mar. 29, 2006)(not designated for publication). We decline applicant's request.

 In June 1992, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Code of Criminal Procedure article 37.071,
and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Davis v. State, No. AP-71,513, published in part
at 961 S.W.2d 156 (Tex. Crim. App. 1998). Applicant's initial application for a writ of
habeas corpus was denied. Ex parte Davis, No. WR-40,339-01 (Tex. Crim. App. March 10,
1999)(not designated for publication). Applicant filed three more habeas applications, which
were all dismissed for failing to satisfy the requirements for a subsequent writ under section
5 of Article 11.071. Ex parte Davis, No. WR-40,339-02 (Tex. Crim. App. Sept. 13,
2000)(not designated for publication); Ex parte Davis, No. WR-40,339-03 (Tex. Crim. App.
April 29, 2002)(not designated for publication); and Ex parte Davis, No. WR-40,339-04
(Tex. Crim. App. May 7, 2002)(not designated for publication). 

 Applicant filed another application raising a mental retardation claim under Atkins v.
Virginia, 536 U.S. 304 (2002), which this Court held satisfied the requirements of section
5. After remanding the case to the trial court, this Court denied applicant relief. Ex parte
Davis, No. WR-40,339-05 (Tex. Crim. App. Mar. 29, 2006)(not designated for publication). 
On the same day this Court denied relief on applicant's fourth subsequent application, we
determined that the nullification instruction claim raised in his fifth subsequent application
met the requirements of Article 11.071 § 5, and we remanded the case to the trial court. Ex
parte Davis, No. WR-40,339-06 (Tex. Crim. App. Mar. 29, 2006)(not designated for
publication). The case was ultimately returned to this Court, and this Court dismissed the
application. Ex parte Davis, Nos. WR-40,339-03 and WR-40,339-06 (Tex. Crim. App. Nov.
18, 2009)(not designated for publication). However, in the same order, this Court
reconsidered the nullification issue raised in applicant's second subsequent writ application,
and it filed and set that application. Id. The Court then granted relief in a separate opinion
and remanded the case to the trial court for a new punishment trial. Ex parte Davis, No. AP-76,263 (Tex. Crim. App. Nov. 18, 2009)(not designated for publication). 

 The trial court held a new punishment trial which resulted in a new death sentence in
March 2011. The direct appeal is currently pending in this Court. The statutorily allowed
new initial writ application is not yet due. Now, with the direct appeal still pending,
applicant has filed a request that this Court reconsider on its own initiative the denial of his
mental retardation claim raised in his fourth subsequent writ application because the State
used Dr. George Denkowski as its expert and in April 2011, Denkowski entered into a
Settlement Agreement with the Texas State Board of Examiners of Psychologists, in which
his license was "reprimanded." 

 While this Court has re-opened and reconsidered writ applications in other cases in
which Denkowski was employed as the State's expert, this case is clearly distinguishable. 
See, e.g., Ex parte Matamoros, No. WR-50,791-02 (Tex. Crim. App. Dec. 14, 2011)(not
designated for publication) and Ex parte Butler, No. WR-41,121-02 (Tex. Crim. App. Dec.
14, 2011)(not designated for publication). In this case, applicant has recently received a new
punishment trial. Furthermore, the trial was held after the complaint had been filed against
Denkowski. Therefore, if the State used Denkowski or any of his previous testimony or
evidence at the new trial, applicant could raise that complaint on direct appeal or in his initial
habeas application which he is entitled to file under Article 11.071. Re-opening a writ
application attacking the prior sentence is not the appropriate vehicle under these
circumstances. 

 IT IS SO ORDERED THIS THE 22ND DAY OF AUGUST, 2012.


Do Not Publish